# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INDEPENDENT BANK OF TEXAS,<br><br>    Plaintiff,<br>  vs.<br><br>M/V JANICE RUTH II, Official Number 1118444, her engines, gear, tackle, and appurtenances, *In Rem*, and THE MARTHA REYNOLDS TRUST, *In Personam*,<br><br>    Defendants. | 3:11-cv-00128-TMB-JDR<br><br>**ORDER REGARDING POSTING OF NOTICE OF ARREST; NOTICE OF FILING OF A PETITION IN BANKRUPTCY; and STAYING ACTION**<br><br>(Docket No. 10) |

    The Defendant Vessel, JANICE RUTH II was arrested on July 10, 2011 and a Substitute Custodian appointed on the same date.[1] The status of the case, at present, is that the M/V JANICE RUTH II has been arrested according to the terms of the Order at Docket 8 and a substitute custodian has been appointed according to the Order at Docket 9. The U.S. Marshal has filed Returns regarding

---

[1] *See U.S. Marshals Return on Arrest Warrant*, Dockets 11, and *U.S. Marshals Return on Order of Substitute Custodian*, Docket 12.

the arrest and the appointment of the substitute custodian.[2]  In accordance with Supplemental Rule E(4)(b), the U.S. Marshal affixed notice of the arrest to the M/V JANICE RUTH II.

The Plaintiff in this action filed a *Notice of Filing of a Petition in Bankruptcy* at Docket 10.  Plaintiff attached Valdez Police reports to the *Notice* indicating that someone removed the notices posted by the U.S. Marshal and that the Police interviewed witnesses identifying Larry Reynolds as the person who did so.

In Plaintiff's *Notice*, the Court was also made aware that Larry Reynolds filed a Federal Bankruptcy Petition in the District of Alaska on behalf of The Martha Reynolds Trust, the *In Personam* Defendant in this action.[3]  Mr. Reynolds then filed a *Motion to Dismiss* in this action, attaching his Bankruptcy Petition, at Docket 13.

Supplemental Admiralty Rule E(4)(b) states that when arresting property, "[i]f the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent."  The Marshal complied with this rule when he placed notices on the

---

[2]*See Id.*

[3]*See Notice of Filing of a Petition in Bankruptcy*, Docket 11, and Bankruptcy Petition regarding The Martha Reynolds Trust, Docket 13-1.

Vessel in Valdez. While the Court notes that regardless of whether the notice remains on the Vessel, the Vessel has been arrested pursuant to the action in this court and the substitute custodian properly has control over the Vessel, the Court directs the U.S. Marshal to re-place the Notices on the Vessel in order to meet the directive in Rule E(4)(b). The U.S. Marshal is further ordered to file notice with the Court upon completion of the re-posting. IT IS SO ORDERED.

Further, the Court notes that, in accordance with 11 U.S.C. § 362, the filing of the bankruptcy action regarding The Martha Reynolds Trust effects an automatic stay on this action for foreclosure of a preferred marine mortgage. Therefore, the Court finds that this action in the case at bar is HEREBY STAYED.

Regarding Mr. Reynolds' *Motion to Dismiss*, the Court will address the *Motion* in a separate order.

IT IS SO ORDERED.

DATED this  14th  day of July, 2011, at Anchorage, Alaska.

       /s/ John D. Roberts
       JOHN D. ROBERTS
       United States Magistrate Judge

11-cv-128-TMB-JDR Janice Ruth @ 10 Re Notice of Bankruptcy and Posting of Notice_mtd.wpd   3

Case 3:11-cv-00128-TMB-JDR   Document 15   Filed 07/14/11   Page 3 of 3