# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INDEPENDENT BANK OF TEXAS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>M/V JANICE RUTH II, Official No. 1116444, her engines, gear, tackle, and appurtenances, *In Rem*, and THE MARTHA REYNOLDS TRUST, *In Personam,*<br><br>　　　　　　　Defendants. | 3:11-cv-00128-TMB-JDR<br><br><u>**RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT *IN REM***</u><br><br>(Docket No. 65) |

The Plaintiff, Independent Bank of Texas, filed a *Motion and Memorandum for Entry of Judgment In Rem* at Docket 65. Prior to the filing of this Motion, the Clerk of the Court entered Default in favor of Plaintiff.[1] Plaintiff

---

[1] *Judgment in a Civil Case*, Docket 52.

previously moved the Court for an entry of Default Judgment against the *In Rem* and *In Personam* Defendants.[2]  The Magistrate Judge recommended entry of Default Judgement *In Rem* and a delay in the entry of the *In Personam* judgment until/unless a deficiency judgment was sought following the sale of the Vessel.[3]

In an Order at Docket 51 The District Court Judge stated:

> Having reviewed Magistrate Judge Roberts' Report and Recommendation on Plaintiff's Motion for Default Judgment in Rem and Order of Sale (Docket No. 47) the Court hereby adopts and accepts the Report and Recommendation in its entirety.  Consequently, Plaintiff's Motion for Default Judgment as to M/V Janice Ruth II, Official Number 1116444 in Rem and The Martha Reynolds Trust in personam and Order of Sale (Docket 40) is GRANTED.[4]

Since the Order issued at Docket 51 was incongruous with the Recommendation entered at Docket 47, Plaintiff now seeks an order clarifying the Order entered at Docket 51 and specifically addressing the issue of default judgment *In Rem*.  Plaintiff has also asked this Court for an order for the sale of the Vessel and permission to enter an offset/credit bid at the sale.  In order to do so, Plaintiff believes an order clarifying the issue of default judgment *In Rem* is necessary.[5]

---

[2]*Motion and Memorandum for Entry of Judgment In Rem and In Personam*, Docket 40.

[3]*Recommendation Regarding Motion for Default Judgment In Rem and In Personam*, Docket 47.

[4]*Order From Chambers*, December 6, 2011.

[5]*See* Docket 65.

For the reasons addressed below, the magistrate judge **hereby recommends the court grant Plaintiff's Motion for Entry of Default Judgment.**

## I. Factual History

Since the Plaintiff's first motion for entry of default judgment *In Rem*, the facts of this case have significantly evolved. As such, a recitation of key facts is important to contemplate the current posture of the case.

Independent Bank of Texas (IBT) filed its *Verified Complaint to Foreclose Preferred Marine Mortgage In Rem and In Personam and for Other Relief* in June of 2011.[6] In the normal course for admiralty matters, Plaintiff moved for and the Court arrested the Vessel and appointed a substitute custodian.[7]

Larry Reynolds filed a *Motion to Dismiss Case* at Docket 13 on July 11, 2011. The Plaintiff then filed a *Notice* with the Court indicating that Larry Reynolds, on behalf of the Martha Reynolds Trust, filed a Bankruptcy Petition in the District of Alaska.[8] Plaintiff also attached to its notice Valdez Police reports indicating that someone removed the notices of arrest which were affixed to the Vessel. Witnesses

---

[6]Docket 1.

[7]*Motion and Memorandum for Order Authorizing Clerk to Issue a Warrant for Arrest Pursuant to Supplemental Admiralty Rule C(3)*, Docket 3; *Motion and Memorandum for Order Appointing Substitute Custodian*, Docket 4; *Order Authorizing In Rem Warrant for Arrest of Vessel*, Docket 8; *Order Appointing Marine Lender Services, LLC, Substitute Custodian*, Docket 9.

[8]Docket 10.

reported that Mr. Reynolds was the person who removed the notices.[9]  The notices were affixed to the Vessel by the U.S. Marshal pursuant to Supplemental Admiralty Rule E(4)(b).[10]  In the Court's Order at Docket 15, the Marshal was order to re-affix the notices and this action was stayed pending the resolution of the Bankruptcy matter.

The Court addressed Mr. Reynolds' Motion to Dismiss in a Minute Order issued on July 19, 2011.[11]  Therein the Magistrate Judge noted that the signatory to all paperwork signed regarding the Marine Mortgage for the Martha Reynolds Trust was Janice R. Reynolds, not Larry Reynolds.  In accordance with Federal Rule of Civil Procedure 17(a)(1)(E), the Court noted that it was unclear what authority Mr. Reynolds had to act on behalf of the Trust.  Therefore, the Court ordered Mr. Reynolds to file information regarding standing with the Court before the Court would cosier the Motion at Docket 13.[12]

By way of a notice filed by IBT, the Court learned that the Bankruptcy Court for the District of Alaska dismissed Mr. Reynolds' Petition.[13]  At Docket 26 the

---

[9]*Id.*

[10]*See Order Regarding Posting of Notice of Arrest; Notice of Filing of a Petition in Bankruptcy; and Staying Action*, Docket 15.

[11]Docket 16.

[12]*Id.*

[13]Docket 18; Docket 18-1.

Magistrate Judge recommended that the Court deny the Motion to Dismiss as Mr. Reynolds did not have proper standing to file the Motion. The Court did so at Docket 31.

Upon motion by the Plaintiff, the Clerk of Court entered Default as to the Martha Reynolds Trust at Docket 29. Upon motion by the Plaintiff, the Clerk then entered Default as to the M/V Janice Ruth II at Docket 39. Following the filing of the Motion for Default Judgment and the Court's Order discussed above, the Court considered the Plaintiff's *Motion and Memorandum for Sale of the Defendant Vessel and Authority for a Credit Bid*.[14] The Magistrate Judge granted the Motion at Docket 46. It appeared that the case was finally moving forward.

Then, on December 5, 2011, the Plaintiff filed a *Motion and Memorandum to Cancel Sale of Vessel* indicating that the Defendant Vessel sank on November 30, 2011.[15] She was moored in the Valdez harbor at the time she sank.[16] The Magistrate Judge entered an order at Docket 49 granting the Motion to cancel the sale.

Through a series of court-ordered Status Reports, the Plaintiff made the

---

[14]Docket 45.

[15]*Motion and Memorandum to Cancel Sale of Vessel*, Docket 48.

[16]*Status Report*, Docket 53.

Court aware of the events which followed the sinking of the Vessel.[17]

IBT is the holder of a preferred marine mortgage for the Vessel. After the Vessel sank, IBT filed a claim of loss with its insurer, St. Paul Insurance.[18] St. Paul Insurance raised the Vessel, pumped the water out and transported her to shore for storage.[19] St. Paul also conducted an investigation into the cause of the sinking and determined the Vessel sank due to freeze damage which resulted from an open valve allowing water to enter the sea strainers. Expansion caused by freezing ruptured the sea strainer housings and water flowed into the Vessel, sinking her.[20]

St. Paul denied IBT's insurance claim because the policy had an exclusion for damage caused by ice or freezing.[21] IBT then pursued a claim against the Substitute Custodian, Marine Lender Services, LLC (MLS), and the company's managing member, Buck Fowler. MLS maintained an insurance policy in order to protect IBT and in order to protect itself in the event of an incident while acting as

---

[17]Docket 53; *Status Report*, Docket 55; *Status Report*, Docket 57; *Status Report*, Docket 59; *Status Report*, Docket 61; *Status Report and Notice of Pending Motion for Sale*, Docket 63.

[18]Docket 61, p. 4.

[19]*Id.*

[20]*Id.* at 4-5.

[21]*Id.* at 5.

substitute custodian.[22]

Following St. Paul's denial of coverage, IBT made a claim to MLS for the loss in value of the Vessel. The MLS insurance carrier conducted its own investigation into the matter.[23]  The insurance carrier for MLS denied the claim but has continued to work with IBT in order to conduct discovery and resolve the issue.[24] Both agree it is necessary to sell the Vessel at this time.[25]  As such, IBT filed a *Motion and Memorandum for Entry of Judgment In Rem, Sale of the Defendant Vessel and Authority for an Offset/Credit Bid* at Docket 64.  The Court notified Plaintiff that the Motion would be deemed a Motion for Sale of the Vessel and that Plaintiff should re-file its request for Default Judgment in a separate motion.  Plaintiff did so at Docket 65.

## II.  Application of Law

Local Admiralty Rule (c)-4 governs Default Judgment in admiralty cases.[26]  As noted in the Magistrate Judge's Recommendation at Docket 47, the

---

[22] *Id.*

[23] *Id.* at 6.

[24] *Id.* at 6-7.

[25] *Id.* at 7.

[26] **(c)-4 Entry of Default and Default Judgment in Actions in Rem**
(a) **Entry of Default**.
    (1) After the time for filing an answer has expired, the plaintiff may move for entry of default under Rule 55(a), Federal Rules of Civil Procedure.
    (2) Default will not be entered unless it is shown that:

Plaintiff filed a Verified Complaint setting forth the terms and conditions of the Promissory Note and the Preferred Ship Mortgage, which provides security for the Note.[27] This Court previously made an *Entry of Default In Rem* at Docket 39 and default was entered against The Martha Reynolds Trust at Docket 29. The Magistrate Judge has reviewed the Motion and Memorandum filed at Docket 40 and the affidavits of S. Richard Shook, Steven J. Shamburek and Randyl Meigs, filed at Dockets 41, 42 and 44, respectively.

The Magistrate Judge is satisfied that the Plaintiff has met its notice requirements for service under Local Rule (c)-3. The Plaintiff published notice of the arrest of the Vessel in the Anchorage Daily News on September 14, 2011 and published the same in The Valdez Star on September 21, 2011.[28] Additionally, the Plaintiff has filed proof that the Trustee for the *In Personam* Defendant, The Martha Reynolds Trust, was served with the Summons and Complaint.[29]

The Plaintiff is seeking a judgment which includes the principal sum

---

and filed an answer or other responsive pleading.

(b) **Entry of Default Judgment.**

(1) The plaintiff may move for default judgment under Rule 55(b), Federal Rules of Civil Procedure, at any time after default has been entered.

(2) Any person who has appeared and does not join in the motion for default judgment must be given seven (7) days notice of the motion.

[27] *See Promissory Note*, Docket 1-1; *Preferred Ship Mortgage*, Docket 1-2.

[28] *See Affidavit in Support of Entry of Default*, Docket 38; *Publication of Notice of Arrest*, Docket 32.

[29] *See Affidavit in Support of Entry of Default*, Docket 28.

owed, totaling $748,542.00, accrued interest totaling $101.668.74 (through October 21, 2011), continued interest accruing at a rate of $374.27 per day (after October 21, 2011), late fees totaling $1,120.05, costs in the amount of $14,772.08, *in custodia legis* expenses of the U.S. Marshal totaling $3,508.00, and Plaintiff's attorneys' fees in the amount of $37,107.50. These sums, interest, costs and fees are due in accordance with the terms of the Promissory Note and Mortgage.[30]

### III.    Conclusion

**The Magistrate Judge hereby recommends** the Court find the *In Rem* Defendant liable for the following amounts and grant Plaintiff's Request for entry of Judgment *In Rem:* the principal sum of $748,542.00; accrued interest totaling $101,688.74 (through October 21, 2011); continued interest accruing at a rate of $374.27 per day (after October 21, 2011); late fees and costs as outlined above and those costs and fees to which Plaintiff is entitled which continue to accrue. As costs and fees will continue to accrue throughout the pendency of the case, final costs and fees should be determined by the Clerk of Court at the close of the case.

//

//

//

//

//

---

[30] *See* Docket 1-1; 1-2.

In the interest of justice, and in order to expedite the business of the court, this Recommendations shall be deemed a Final Recommendation.  This matter shall now be forwarded to the assigned District Court Judge.

DATED this __31st__ day of July,  at Anchorage, Alaska.


  /s/ John D. Roberts_____
JOHN D. ROBERTS
United States Magistrate Judge